**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01909-MSK-MEH

CHRIS BOOKER, Individually and On Behalf of All Others Similarly Situated,

     Plaintiff,

v.

LEGEND ENERGY SERVICES, LLC,

     Defendant.

---

## PROTECTIVE ORDER

---

     This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order.  The Court has reviewed that Motion.  The Motion is meritorious and acceptable.  Therefore, IT IS ORDERED:

     1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

     2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

1

3.      Information designated "CONFIDENTIAL" shall be information that is confidential and entitled to protection under Fed. R. Civ. P. 26(c)(1), and that contains (a) personnel information concerning current and former employees of Defendant Legend Energy Services, LLC ("Defendant") to the extent that such information implicates privacy interests and is not generally known to the public; (b) proprietary business information of the Defendant; (c) information containing industry trade secrets; and (d) information relating to Plaintiffs concerning personal and confidential matters not generally known to the public, such as, but not limited to, medical information, and information regarding contacting prospective employers.

Documents designated as "CONFIDENTIAL" shall be first reviewed by a lawyer who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1). Parties and attorneys designating documents as "CONFIDENTIAL" will be representing that such documents contain information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access, and that they will be able to identify to the Court a clearly defined and serious injury that would result if access is not restricted, as required by D.C.COLO.LCivR 7.2(B)(2) & (3).

4.      "FOR ATTORNEY'S EYES ONLY" shall be information that includes confidential information which the producing party or non-party reasonably believes to be particularly sensitive and requires extraordinary protections, such as confidential and proprietary customer pricing information.

5.      CONFIDENTIAL and FOR ATTORNEY'S EYES ONLY documents, materials, and/or information shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that CONFIDENTIAL information may be disclosed to:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)      the parties, including designated representatives for Defendant whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)      the Court and its employees ("Court Personnel");

(f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)      deponents, witnesses, or potential witnesses; and

(h)      other persons by written agreement of the parties.

6.      "FOR ATTORNEY'S EYES ONLY" information may be disclosed only to any persons that fall within categories (a), (b), (d), (e), (f), (g) if testifying on behalf of Legend Energy Services, LLC, and (h), above.

3

7.	Prior to disclosing any CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person who is subject to the control of Counsel an executed "Written Assurance" in the form attached hereto as Exhibit A.  All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.	Documents are designated as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY".

9.	In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY in a written communication or in an electronic mail message to the non-producing party.

10.	Any party who inadvertently fails to identify documents or information as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon

receipt of the substitute documents, shall return or destroy the improperly-designated documents.

11.     Any party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned.  The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request, unless such inadvertently disclosed documents are the subject of a Motion to Compel filed within 14 days of receiving a written request to return the documents, in which case the inadvertently disclosed documents shall be treated as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY until such time as the Court rules upon the Motion.

12.     Any pleadings, exhibits or filings which contain CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY information, or testimony designated as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY, shall be filed with the Court in accordance with D.C.COLO.LCivR 7.2 and the Court's "Electronic Case Filing Procedures for the District of Colorado."  A party seeking to file with the Court any Confidential material that has been designated by the other party may request that the designating party provide the information required by D.C.COLO.LCivR 7.2(B) by notifying counsel for the designating party in writing at least ten (10) business days before the filing is to occur.  If such a request is made, counsel for the designating party shall, within five (5) business days, respond in writing providing the information required by D.C.COLO.LCivR 7.2(B).  If no such timely request is made, the

party seeking to file the Confidential materials may file the information pursuant to D.C.COLO.LCivR 7.2.  Prior to disclosure at trial or a hearing regarding CONFIDENTIAL information, the parties may seek further protections against public disclosure from the Court.

13.    Whenever a deposition involves the disclosure of CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY information, the portions thereof that involve the disclosure of CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY information shall be designated as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.   Transcript pages containing CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

14.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY to file an appropriate motion requesting that the Court determine

6

whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY.

15.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY; provided, however, that counsel for each Party may retain one copy of the CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the Party that produced the documents.

16.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper.  Nothing in this Protective Order shall prejudice the right of any party

to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED at Denver, Colorado this 22nd day of March, 2016.

BY THE COURT:


_s/ Michael E. Hegarty _____
United States District Court Judge

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01909-MSK-MEH

CHRIS BOOKER, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

LEGEND ENERGY SERVICES, LLC,

      Defendant.

---

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**

---

      I, _____ the undersigned, hereby declare that:

      I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

      I acknowledge that I have been informed that a Protective Order issued by the Court in the above captioned civil action requires confidentiality with respect to information designated as "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY" and therefore I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the provisions of the Protective Order.

      As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

Executed on _____     _____
              (Date)                    (Signature)